﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190610-7216
DATE: September 26, 2019

REMANDED

Entitlement to an effective date earlier than June 15, 2018, for the increased rating of bilateral hearing loss is remanded. 

Preliminary Matters

The Veteran had honorable active duty service with the United States Army from October 1955 to July 1957. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The Board notes that the rating decision on appeal was issued in July 2018. In June 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). On the Decision Review Request Board Appeal (Notice of Disagreement (NOD)) VA Form 10182, received in June 2019, the Veteran requested the evidence submission docket, allowing for evidence to be submitted within 90 days following submission of his NOD, and to be considered by the Board. This decision has been written consistent with the new AMA framework. 

As discussed in further detail in the Remand portion of this decision, the claim for entitlement to an effective date earlier than June 15, 2018, for the award of an increased rating for bilateral hearing loss on the basis of clear and unmistakable error (CUE) is referred to the Agency of Original Jurisdiction (AOJ) for adjudication. 

REASONS FOR REMAND

As an initial matter, the issue of entitlement to an effective date earlier than June 15, 2018, for the increased rating of bilateral hearing loss is remanded to correct a duty to assist error that occurred prior to the rating decision on appeal. 

By way of background, the Veteran was awarded service connection for bilateral hearing loss in a December 1957 rating decision. An initial disability rating of 20 percent was assigned effective July 4, 1957. Thereafter, in a July 1962 rating decision, the Veteran’s disability rating for hearing loss was decreased to a noncompensable evaluation. A payment notice dated July 26, 1962, shows that compensation benefits for the award of entitlement to service connection for hearing loss had been stopped, effective July 31, 1962. In July 2014, the Veteran filed a request to reinstate his award of service connection for hearing loss. In an October 2014 rating decision, the local Regional Office (RO), in pertinent part, assigned a 40 percent disability rating for the Veteran’s hearing loss, effective July 14, 2014. Then, in June 2018, the Veteran filed an increased rating claim for his hearing loss disability. 

The July 2018 rating decision on appeal assigned an effective date of June 15, 2018, for the increased rating of 80 percent for the Veteran’s hearing loss, based on the fact that such was the date of receipt of the increased rating claim. In this regard, the Veteran argues that the effective date for the 80 percent disability rating for his hearing loss should have been assigned when he was initially awarded service connection effective July 4, 1957, as the July 1962 rating action was clearly and unmistakably erroneous in its decision to discontinue his compensation benefits for his hearing loss disability. The Veteran asserts that his benefits were stopped because VA erroneously declared that he was deceased as of July 31, 1962. See Veteran statements dated July 2014 and October 2014. The Veteran’s contentions regarding CUE were reiterated in his June 2019 NOD. 

Despite the Veteran’s clear allegations of CUE, the Veteran’s CUE claim has not yet been addressed by the AOJ. The Board has referred the CUE aspect of the Veteran’s earlier effective date claim to the AOJ for adjudication. However, the earlier effective date claim before the Board is inextricably intertwined with the CUE claim and a final decision cannot be rendered until the Board has jurisdiction of both the CUE and earlier effective date issues. A remand of the earlier effective date claim is therefore necessary to allow for the adjudication of the CUE claim. The Board is remanding this claim as the failure to properly adjudicate it constitutes a pre-decisional duty to assist violation by the AOJ. 

(CONTINUED ON NEXT PAGE)

The matter is REMANDED for the following action:

After adjudicating the Veteran’s pending CUE claim, issue a rating decision adjudicating the following issue under the provisions of RAMP: 

(a) Entitlement to an effective date earlier than June 15, 2018, for the increased rating of bilateral hearing loss. 

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Y. MacDonald, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.